IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ROJAS and BRANDELY ROJAS, on behalf of themselves and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>ONE STOP PERSONNEL SERVICES, LLP,<br><br>    Defendant. | Civil Action No. 2:15-cv-00010-AJS<br><br>Honorable Arthur J. Schwab<br><br>*ELECTRONICALLY FILED* |

**ANSWER AND AFFIRMATIVE DEFENSES**

  Defendant One Stop Personnel Services, LLP ("One Stop"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Class/Collective Action Complaint filed by Plaintiffs Daniel Rojas and Brandely Rojas ("Plaintiffs") and states as follows:

**FIRST DEFENSE**

  1. Defendant admits only so much of Paragraph 1 as avers that Plaintiffs are claiming that One Stop failed to pay all wages due, and claiming that One Stop failed to pay overtime. Defendant denies the remaining averments as set forth in Paragraph 1 of the Complaint.

  2. Defendant admits only so much of Paragraph 2 as avers that Plaintiffs are seeking to recover monetary damages, liquidated damages, and costs, including attorneys' fees. Defendant denies the remaining averments as set forth in Paragraph 2 of the Complaint. Defendant denies that Plaintiffs are entitled to any of the relief sought by the Complaint.

  3. Defendant admits only so much of Paragraph 3 as avers that Plaintiff purports to bring a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et*

1

*seq.* ("FLSA") and a class action under Pennsylvania law to recover unpaid wages, including overtime, liquidated damages, and penalties on behalf of Plaintiff and similarly situated employees. Defendant denies the remaining averments as set forth in Paragraph 3 of the Complaint. Defendant denies that Plaintiffs state a cause of action under the FLSA or that it otherwise violated the FLSA. Defendant also denies that Plaintiffs state a cause of action under Pennsylvania law or that it otherwise violated Pennsylvania law

4. The averments set forth in Paragraph 4 of the Complaint constitute a conclusion of law to which no response is required.  To the extent such a response is required, Defendant denies the averments.

5. The averments set forth in Paragraph 5 of the Complaint constitute a conclusion of law to which no response is required.  To the extent such a response is required, Defendant denies the averments.

6. The averments set forth in Paragraph 6 of the Complaint constitute a conclusion of law to which no response is required.  To the extent such a response is required, Defendant denies the averments.

7. Defendant admits the averments set forth in Paragraph 7 of the Complaint.

8. The averments set forth in Paragraph 8 of the Complaint constitute a conclusion of law to which no response is required.  To the extent such a response is required, Defendant denies the averments.

9. Defendant admits only so much of Paragraph 9 as avers that Daniel Rojas is an adult individual. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 9 and on that basis denies each and every such allegation.

10. Defendant admits only so much of Paragraph 10 as avers that Brandely Rojas is an adult individual. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 10 and on that basis denies each and every such allegation.

11. Defendant admits only so much of Paragraph 11 as avers that it is engaged in providing cleaning services to movie theatres in Allegheny County, Pennsylvania. Defendant denies the remaining averments as set forth in Paragraph 11 of the Complaint.

12. Defendant admits the averments set forth in Paragraph 12 of the Complaint.

13. Defendant admits the averments set forth in Paragraph 13 of the Complaint.

14. Defendant admits the averments set forth in Paragraph 14 of the Complaint.

15. Defendant admits the averments set forth in Paragraph 15 of the Complaint.

16. Defendant admits only so much of Paragraph 16 as avers that Oscar Rodriguez met with Plaintiffs when they began working at Robinson Township Cinemark Theatres. Defendant denies the remaining averments as set forth in Paragraph 16 of the Complaint.

17. Defendant denies the averments set forth in Paragraph 17 of the Complaint.

18. Defendant admits only so much of Paragraph 18 as avers that Plaintiffs cleaned the theatres, kitchen, lobbies, bathrooms, meeting rooms and halls at Robinson Township Cinemark Theatres, using cleaning supplies stored by Cinemark. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 18 and on that basis denies each and every such allegation.

19. Defendant denies the averments set forth in Paragraph 19 of the Complaint.

20. Defendant denies the averments set forth in Paragraph 20 of the Complaint.

21. Defendant denies the averments set forth in Paragraph 21 of the Complaint.

22. Defendant denies the averments set forth in Paragraph 22 of the Complaint.

23. Defendant denies the averments set forth in Paragraph 23 of the Complaint.

24. Defendant denies the averments set forth in Paragraph 24 of the Complaint.

25. Defendant denies the averments set forth in Paragraph 25 of the Complaint.

26. Defendant denies the averments set forth in Paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 27 and on that basis denies each and every such allegation.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 28 and on that basis denies each and every such allegation.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 29 and on that basis denies each and every such allegation.

30. Defendant denies the averments set forth in Paragraph 30 of the Complaint.

31. Defendant denies the averments set forth in Paragraph 31 of the Complaint.

32. Defendant denies the averments set forth in Paragraph 32 of the Complaint.

33. Paragraph 33 is a paragraph of incorporation, and Defendant incorporates herein by reference, as if fully set forth at length, its answers and responses to Paragraphs 1 through 32 of the Complaint.

34. Defendant admits only so much of Paragraph 34 as avers that Plaintiffs purport to bring a collective action pursuant to 29 U.S.C. § 216(b). Defendant denies that Plaintiffs state a cause of action under the FLSA or that it otherwise violated the FLSA.

35. The averments set forth in Paragraph 35 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

36. Defendant denies the averments set forth in Paragraph 36 of the Complaint.

37. Defendant denies the averment set forth in Paragraph 37 of the Complaint.

38. The averments set forth in Paragraph 38 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

39. The averments set forth in Paragraph 39 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

40. The averments set forth in Paragraph 40 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

41. The averments set forth in Paragraph 41 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

42. The averments set forth in Paragraph 42 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

43. Paragraph 43 is a paragraph of incorporation, and Defendant incorporates herein by reference, as if fully set forth at length, its answers and responses to Paragraphs 1 through 42 of the Complaint.

44. Defendant admits only so much of Paragraph 44 as avers that Plaintiffs purport to bring a class action pursuant to Rule 1701 of the Pennsylvania Rules of Civil Procedure. Defendant denies the remaining averments as set forth in Paragraph 44 of the Complaint.

45. The averments set forth in Paragraph 45 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

46. The averments set forth in Paragraph 46 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

47. Defendant denies the averments set forth in Paragraph 47 of the Complaint.

48. The averments set forth in Paragraph 48 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

49. The averments set forth in Paragraph 49 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

50. The averments set forth in Paragraph 50 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

51. The averments set forth in Paragraph 51 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

52. The averments set forth in Paragraph 52 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

## COUNT I – FAIR LABOR STANDARDS ACT

53. Paragraph 53 is a paragraph of incorporation, and Defendant incorporates herein by reference, as if fully set forth at length, its answers and responses to Paragraphs 1 through 52 of the Complaint.

54. The averments set forth in Paragraph 54 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

55. Defendant admits only so much of Paragraph 55 as avers that the federal minimum wage is $7.25 per hour. Defendant denies the remaining averments set forth in Paragraph 55 of the Complaint.

56. The averments set forth in Paragraph 56 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

57. The averments set forth in Paragraph 57 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

58. The averments set forth in Paragraph 58 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

59. The averments set forth in Paragraph 59 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

60. The averments set forth in Paragraph 60 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

61. Defendant denies the averments set forth in Paragraph 61 of the Complaint.

62. Defendant denies the averments set forth in Paragraph 62 of the Complaint.

63. Defendant denies the averments set forth in Paragraph 63 of the Complaint.

64. Defendant denies the averments set forth in Paragraph 64 of the Complaint.

65. The averments set forth in Paragraph 65 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

66. The averments set forth in Paragraph 66 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

67. Defendant denies the averments set forth in Paragraph 67 of the Complaint.

68. Defendant denies the averments set forth in Paragraph 68 of the Complaint.

**COUNT II – PENNSYLVANIA MINIMUM WAGE ACT**

69. Paragraph 69 is a paragraph of incorporation, and Defendant incorporates herein by reference, as if fully set forth at length, its answers and responses to Paragraphs 1 through 68 of the Complaint.

70. The averments set forth in Paragraph 70 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

71. The averments set forth in Paragraph 71 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

## COUNT III – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

72. Paragraph 72 is a paragraph of incorporation, and Defendant incorporates herein by reference, as if fully set forth at length, its answers and responses to Paragraphs 1 through 71 of the Complaint.

73. The averments set forth in Paragraph 73 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

74. The averments set forth in Paragraph 74 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

75. Defendant denies the averments set forth in Paragraph 75 of the Complaint.

76. Defendant denies the averments set forth in Paragraph 76 of the Complaint.

77. Defendant denies the averments set forth in Paragraph 77 of the Complaint.

78. The averments set forth in Paragraph 78 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

79. The averments set forth in Paragraph 79 constitute a conclusion of law to which no response is required. To the extent such a response is required, Defendant denies the averments.

80. Defendant denies that Plaintiffs are entitled to any of the relief sought under the "Prayer for Relief" Paragraph of the Complaint.

81. Unless specifically admitted above, Defendant denies the averments set forth in Plaintiffs' Class/Collective Action Complaint.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, enter judgment in its favor, award costs and attorneys' fees to Defendant and order such other and further relief as the Court deems just and appropriate.

## SECOND DEFENSE

82. Plaintiffs' Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE

83. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

84. For the purpose of preserving a defense, the allegations of Plaintiffs' Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## FIFTH DEFENSE

85. To the extent applicable, Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**SIXTH DEFENSE**

86. Plaintiffs' claims are barred in whole or in part because at all times relevant hereto, Defendant acted reasonably and in good faith and in reliance on or in accordance with applicable rulings, administrative regulations, interpretations, orders, rulings, approvals, administrative practices, and/or enforcement policies of the United States or Pennsylvania Department of Labor.

**SEVENTH DEFENSE**

87. Plaintiffs' claims cannot be certified as a class action to the extent Plaintiffs are not similarly situated to other current or former employees and because Plaintiffs' claims and allegations do not otherwise satisfy the requirements for class certification under Fed. R. Civ. P 23.

**EIGHTH DEFENSE**

88. The claims of opt-in plaintiffs and class members are barred to the extent they do not fall within the collective and class action definition.

**NINTH DEFENSE**

89. The claims of Plaintiffs cannot be properly joined with the claims of any potential opt-ins.

**TENTH DEFENSE**

90. The WPCL claims of Plaintiffs do not satisfy the requirements of Federal Rule of Civil Procedure 23 and cannot be maintained as a class action.

**ELEVENTH DEFENSE**

91. Plaintiffs' class action claims under the WPCL are barred because the opt-out mechanism of Rule 23 is inherently incompatible with the opt-in procedures under the FLSA.

**TWELFTH DEFENSE**

92.     Plaintiffs cannot maintain this action as a class action because there are no questions of fact or law common to the proposed class that predominate over any questions affecting only individual members.

**THIRTEENTH DEFENSE**

93.     Plaintiffs cannot maintain this action as a class action because the representative parties will not fairly and adequately protect the interests of the proposed class.

**FOURTEENTH DEFENSE**

94.     Plaintiffs cannot maintain this action as a class action because the class action is not an appropriate method for the fair and efficient adjudication of this controversy.

**FIFTEENTH DEFENSE**

95.     Defendant did not "suffer or permit" Plaintiffs to work without appropriate compensation within the meaning of 29 U.S.C. § 203(g).  To the extent Plaintiffs worked any uncompensated time, Defendant was without constructive or actual knowledge of such work.

**SIXTEENTH DEFENSE**

96.     Plaintiffs and any putative collective or class action members have sustained no damage or, if any, *de minimis* damages, which are not actionable under the FLSA or WPCL.

**SEVENTEENTH DEFENSE**

97.     The claims of Plaintiffs and any putative collective or class action members are barred in whole or in part by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and WPCL, including for paid time during non-compensable breaks.

## EIGHTEENTH DEFENSE

98. Defendant is not liable to the extent that it did not employ Plaintiffs or the proposed class members and is not otherwise liable to those individuals for the employment actions and practices of which Plaintiffs complain.

## NINETEENTH DEFENSE

99. If any alleged failure to pay the wages and/or overtime wages of Plaintiffs and any putative class or collective action members was unlawful, which Defendant denies, none of Defendant's alleged actions or omissions constitute a willful violation of the FLSA, WPCL or any other law.

## TWENTIETH DEFENSE

100. Plaintiffs' claims and the claims of classes of persons Plaintiffs purport to represent are barred for liquidated damages to the extent there is a good faith contest or dispute of any wage claim accounting for such non-payment pursuant to 43 P.S. § 260.10.

## TWENTY-FIRST DEFENSE

101. Plaintiffs' claims and the claims of classes of persons Plaintiffs purport to represent under the WPCL are barred as Plaintiffs and the classes of persons Plaintiffs purport to represent cannot proceed with claims under the WPCL without agreements to pay for "all hours worked."

## TWENTY-SECOND DEFENSE

102. Plaintiffs' claims under the WPCL are barred to the extent they are preempted by the FLSA and by federal law.

## TWENTY-THIRD DEFENSE

103. Plaintiffs' claims and the claims of classes of persons Plaintiffs purport to represent are barred in whole or in part because Plaintiffs cannot recover any damages during any weeks when they did not work in excess of forty hours.

## TWENTY-FOURTH DEFENSE

104. Plaintiffs' claims for damages are barred to the extent Plaintiffs seeks punitive or exemplary damages because such damages violate the procedural and substantive due process rights guaranteed to Defendant by the U.S. Constitution, and because such damages constitute excessive fines in violation of the Eighth Amendment.

## TWENTY-FIFTH DEFENSE

105. Plaintiffs' claims are barred to the extent that Plaintiffs seek compensation for "gap-time" that falls outside of the purview of the FLSA and Pennsylvania law.

## TWENTY-SIXTH DEFENSE

106. Defendant reserves the right to amend its Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

Dated:  January 26, 2015				Respectfully submitted,

						JACKSON LEWIS P.C.


						*s/Marla N. Presley*
						Marla N. Presley
						Pa. I.D. No. 91020
						Marla.presley@jacksonlewis.com
						One PPG Place, 28th Floor
						Pittsburgh, PA  15222
						(412) 232-0404
						(412) 232-3441 facsimile

                                      Patrick S. Richter\*
                                      Patrick.Richter@jacksonlewis.com
                                      Tx. I.D. No. 00791524
                                      816 Congress Avenue, Suite 1530
                                      Austin, Texas 78701
                                      (512) 362-7100
                                      (512) 362-5574 facsimile

                                      *\* Admission Pro Hac Vice pending*

                                      *Counsel for Defendant*

4836-3586-6657, v. 1

15