The United States District Court for the Western District of Pennsylvania

| | |
|---|---|
| **Daniel Rojas and Brandeli Rojas,** on behalf of themselves and on behalf of all others similarly situated, | 2:15-cv-00010-AJS |
| | Honorable Arthur J. Schwab |
| Plaintiffs, | Class Action |
| v. | Jury Trial Demanded |
| **One Stop Personnel Services, LLP,** | |
| Defendant. | |

# First Amended Complaint

## I. Introduction

1. Plaintiffs bring this lawsuit against their former employer, One Stop Personnel Services, LLP, ("One Stop") for failure to pay Plaintiffs the wages they are due for all hours worked and overtime premium for all hours worked in excess of forty in a workweek.

2. Plaintiffs claim monetary damages, liquidated damages, and costs, including attorneys' fees, on behalf of themselves and those similarly situated against One Stop as a result of its policy of failing to pay the required minimum wage and failing to pay an overtime premium for all hours worked over forty in a workweek.

3. These practices were in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201, *et seq.*; the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101; and Pennsylvania common law.

4.   The FLSA Collective Action Class ("FLSA Class") consists of persons who regularly worked for the Defendants within the relevant time period as employees, engaged as cleaners, in movie theaters owned and/or operated by Cinemark USA, Inc., within Allegheny County, Pennsylvania, collectively referred to as "FLSA Class Members."

5.   The class designated under F.R.C.P. 23, *et seq.* for claims brought under the WPCL and the PMWA and Pennsylvania common law consists of persons who regularly worked for the Defendant within the relevant time period as employees engaged as cleaners in movie theaters owned and/or operated by Cinemark USA, Inc., within Allegheny County, Pennsylvania, collectively referred to as the "PA Class."

## II. Jurisdiction and Venue

6.   This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C.§216(b) and 28 U.S.C. §1331.

7.   This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8.   Venue in this Court is proper pursuant to 28 U.S.C. §1391.

## III. The Parties

9.   Daniel Rojas is an adult individual who lives in Allegheny County, Pennsylvania.

10. Brandeli Rojas is an adult individual who lives in Allegheny County, Pennsylvania.

11. Defendant One Stop is a limited liability partnership with its principal place of business at 9555 Lebanon Road, Frisco, Texas. It is engaged in providing cleaning services to movie theaters throughout the United States, including Allegheny County, Pennsylvania.

12. Defendant has an annual volume of sales or business in excess of $500,000.

13. Defendant has employed at least two employees who are engaged in interstate commerce as part of their employment.

## IV.  Material Facts

14. Daniel Rojas and his sister, Brandeli Rojas ("Plaintiffs") worked for One Stop as movie theater cleaners in California and Texas before moving, in 2009, to Allegheny County, to work for One Stop in Pittsburgh and the surrounding areas.

15. One Stop assigned Plaintiffs and Plaintiffs' parents to work in the Cinemark Theatre Complex in Robinson Township ("Cinemark-Robinson"), outside of Pittsburgh.

16. At the time they commenced their assignment at Cinemark-Robinson, Daniel, Brandeli and their parents' were introduced to the theater, and explained the work procedures there, by a man named Oscar (last name unknown)(hereafter, "Oscar").

17. Oscar had traveled from Texas to Pittsburgh in order to meet with the Rojases, introduce them to the theater facility, and explain the work they were to perform there.

18. Oscar was a de facto employee of One Stop. Specifically Oscar performed work, for One Stop's benefit, in one or more of the following capacities:

   a. as an employee of One Stop;

   b. as an employee of One Stop's agent, affiliate, representative, or contractor;

   c. as an agent of One Stop; or

   d. as an independent contractor.

19. Oscar gave the Plaintiffs instructions as to what work needed to be completed.

20. Thereafter Plaintiffs worked regular hours from 11:30 pm to approximately 11:30 am seven (7) days per week. Plaintiffs cleaned the theaters, kitchen, lobbies, bathrooms, meeting (birthday party) rooms, and halls using cleaning supplies provided by One Stop and stored at Cinemark.

21. One Stop paid Plaintiffs and their parents semi-monthly.

22. At times, One Stop paid Plaintiffs and their parents by check. At other times, One Stop paid Plaintiffs and their parents by cash.

23. Oscar informed Plaintiffs that it was One Stop's policy not to pay for the first pay period until the end of the employee's employment with One Stop. Oscar promised the Plaintiffs they would be paid for the first pay period of work at Cinemark-Robinson following the conclusion of their employment with One Stop.

24.     The first pay Plaintiffs and their parents received was after a month of work had been performed.

25.     Plaintiffs ceased working for One Stop on February 15, 2013. They were not paid for the first pay period they worked for One Stop as they had been promised.

26.     Moreover, Plaintiffs were not paid at all for one of the last two weeks in 2013 during which they had worked.

27.     During their employment in Pennsylvania, Plaintiffs were paid at times only $650 every two weeks–approximately $4.50 per hour–with no pay for overtime.

28.     Starting in approximately 2011 and continuing until the date they quit, Plaintiffs were at times paid an hourly rate with some "overtime," but they were not paid overtime premium for all hours worked over 40 in a workweek.

29.     Plaintiffs' rate of pay was changed without prior notice at various times during the course of their employment by One Stop.

30.     Defendant failed to keep accurate records of the times worked by Plaintiffs, and undercounted the hours they worked.

31.     Workers who cleaned the Pittsburgh Mills Cinemark Theatre Complex ("Cinemark-Mills") were also employees of One Stop, and from time to time, Oscar also supervised these workers.

32.     Lorenzo Chan was another supervisor of the cleaners at Cinemark-Mills who reported the cleaners' work hours to One Stop.

33.     One Stop workers at Cinemark-Mills between 2009 and 2013 were similarly paid, at times, a semi-monthly flat rate, which was below the minimum wage required by the PMWA and FLSA.

34.     At other times One Stop workers at Cinemark-Mills, like those at Cinemark-Robinson, were paid an hourly rate and "overtime" which did not compensate them with an overtime premium for all hours worked over 40 in a workweek.

35.     Like the One Stop workers at Cinemark-Robinson, the One Stop workers at Cinemark-Mills sometimes received their pay in cash and sometimes by check.

36.     Oscar and other supervisors at Cinemark-Mills failed to keep accurate records of the hours actually worked by the people employed by One Stop to clean the movie theaters, and undercounted the hours these persons worked.

37.     As it had with the cleaners at Cinemark-Robinson, One Stop promised to pay employees who cleaned the Cinemark-Mills theaters their first two weeks of earnings following their last week of employment with One Stop.

38.     Like the One Stop employees at Cinemark-Robinson, those at Cinemark-Mills did not receive this promised pay after terminating their employment with One Stop. Nor were they paid their full wages for their last weeks of work.

39.     Like the One Stop employees at Cinemark-Robinson, those at Cinemark-Mills had their rates of pay changed from time to time without prior notice.

## V. Class Action Allegations

40. All preceding paragraphs are incorporated herein by reference.

41. Plaintiffs bring this action on behalf of the "FLSA Class" as a collective action for claims arising under the FLSA, pursuant to FLSA §216(b), and on behalf of the "PA Class" as a class action for claims arising under the PMWA and the PWPCL, pursuant to the Fed. R. Civ. Pro. 23(b)(2) & (3).

42. The claims under the FLSA may be pursued by those who opt in to this case pursuant to 29 USC §216(b). The claims under the PMWA and the PWPCL may be pursued by all similarly situated persons who are members of the PA Class pursuant to Fed. R. Civ. Pro. 23.

### 1. Allegations Applicable to Both Classes

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The individuals in the Classes are so numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, Plaintiffs believe that the number of individuals who have been employed by Defendant as cleaning staff at the five movie theatre complexes in Allegheny County during the relevant time periods exceeds 50 persons.

45. Plaintiffs will fairly and adequately protect the interests of the Classes, and have retained counsel who are experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

46. A class action/collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes individually to seek redress for the wrongs done to them.

47. Absent the collective/class litigation, members of the classes likely will not obtain redress for their injuries, and Defendants will retain the proceeds of their violations of the FLSA, PMWA, and PWPCL.

48. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

49. The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among these common questions of law and fact are:

   a. Whether Defendant employed the members of the Classes within the meaning of the applicable statutes;

   b. Whether Defendants used time keeping and wage payment systems that resulted in not paying wages based on each hour of work performed by members of the Classes;

   c. Whether as a result of such practices Defendants failed to pay Plaintiffs and members of the Classes for all hours worked;

   d. Whether Defendants used wage payment systems and/or practices that resulted in not paying workers an overtime premium for all hours of worked more than 40 performed in a workweek; and

   e. Whether Defendant had a policy and practice of failing to pay Plaintiffs and Class members for the first several weeks of work

performed for One Stop.

50. Following inquiry, undersigned counsel is unaware of any pending litigation involving these issues with Defendant.

## 2. Allegations Specific to the Collective Action

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The FLSA Class herein includes all individuals who (1) worked or are employed by One Stop to clean Cinemark theaters in Allegheny County during the last three years prior to the filing of the Complaint and through the final disposition of this action (the Collective Action class period,) (2) were engaged to be paid at an hourly or bi-weekly rate; (3) were subject to Defendant's unlawful pay practices and policies described herein; and (4) who opt in to the Class.

53. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Class pursuant to 29 U.S.C. §207.

54. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the FLSA Class.

55. Defendant was aware or should have known that it was required to pay minimum wage and overtime premiums under federal law.

56. In addition to the common issues of fact described above, the Collective Action Class has numerous common issues of fact and law, including whether

Defendants: (1) violated the FLSA and provisions thereof; and (2) thereby damaged the Collective Action Class, and if so, the measure of the damages.

57. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

58. Notice of the pendency and any resolution of this action can be provided to FLSA Class Members by mail, print, and/or Internet publication.

### 3. Allegations Specific to the Class Action

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Plaintiffs also bring this action as a class action pursuant to the Federal Rules of Civil Procedure Rule 23(b) and (c), *et seq.*, on behalf of the "PA Class," a class defined as: individuals who (1) worked or are employed by One Stop to clean Cinemark theaters in Allegheny County during the relevant period; and (2) were engaged to be paid at an hourly or bi-weekly rate; (3) were subject to Defendant's unlawful pay practices and policies described herein.

61. In addition to the common issues described above, the PA Class Members have other common issues of fact and law including:

    a. Whether Defendant had a policy and practice of failing to pay Plaintiffs and PA class members for the first two weeks of work performed for One Stop;

    b. Whether the policies and practices of Defendant outlined hereinabove violated the Pennsylvania Wage Payment and Collection Law;

    c. Whether the policies and practices of Defendant outlined hereinabove violated the Pennsylvania Minimum Wage Act.;

    d. Whether the policies and practices of Defendant outlined hereinabove caused Defendant to benefit unfairly from Plaintiffs' and PA Class Members' labor to the detriment of Plaintiffs and PA Class Members,

and thus unjustly enriched Defendant.

62. The PA Class includes workers employed by One Stop at the Allegheny County Cinemark Theaters in Allegheny County over the time periods relevant to the individual causes of action.

63. The claims of the Plaintiffs Daniel Rojas and Brandeli Rojas are typical of the claims of the class in that the application of the aforesaid record keeping and payment policies of Defendants resulted in underpayment of wages and overtime premiums to Plaintiffs and the PA Class, as well as the unjust enrichment of Defendant.

64. Plaintiffs are members of the class they seek to represent.

65. Plaintiffs have no interest antagonistic to, or in conflict with, the PA Class. Plaintiffs will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent them and the class.

66. All members of the class have been injured by the same actions of Defendant in the same manner.

67. Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class.

68. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, the common questions will predominate, and there will be no unusual manageability issues.

## Count I – Fair Labor Standards Act

69. All previous paragraphs are incorporated as though fully set forth herein.

70. The Class Period for this cause of action is from three years prior to the filing of the original complaint until the final disposition of the case.

71. The FLSA requires that covered employees be compensated for every hour worked in a workweek and that they receive a minimum wage. 29 U.S.C. §207(a)(1).

72. The federally mandated minimum wage hourly wage for covered non exempt workers is currently $7.25 per hour. This has been the federally mandated hourly wage since July 24, 2009. From July 24, 2008 to July 24, 2009, the mandated minimum wage was $6.55.

73. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. §207(a)(1).

74. At all relevant times, Plaintiffs and the FLSA Class members were and are employees of Defendant within the meaning of the FLSA.

75. The FLSA requires employers to maintain detailed payroll data concerning all covered employees. U.S.C. §211(c) ; 29 C.F.R. §516.2.

76. At all relevant times Plaintiffs and FLSA Class Members were engaged in commerce and/or the production of commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

77. At all relevant times Defendant is/was the employer of Plaintiffs and the members of the FLSA Class and subject to the FLSA's mandates.

78. During the relevant time period Defendant at various times failed to pay Plaintiffs and members of the FLSA Class the minimum wage required by the FLSA.

79. During the relevant time period Defendant failed to pay Plaintiffs and the FLSA Class members the overtime premiums to which they are/were entitled under the FLSA.

80. In violating the FLSA the Defendant has acted willfully and with reckless disregard of applicable FLSA provisions.

81. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Class have suffered damages by being denied full payment of the wages mandated by federal law.

82. Defendant's action and conduct, as alleged herein, violated the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, and entitle Plaintiffs and the FLSA Class to compensation for unpaid overtime premium for all hours worked over 40 in each workweek and unpaid minimum wages, liquidated damages, reasonable attorneys' fees, and court costs.

83. By failing to compensate Plaintiffs and FLSA Class Plaintiffs at a rate not less than one and one half times their regular rate of pay for each hour worked in each workweek in excess of 40 hours, Defendants have violated Plaintiffs' rights protected by the FLSA, 29 U.S.C. §207(a).

84. For such violations of the FLSA, the Plaintiffs are entitled to their unpaid minimum wages, unpaid overtime pay, equal amounts in liquidated damages, and attorneys' fees and costs.

## Count II – Pennsylvania Minimum Wage Act

85. All previous paragraphs are incorporated as though fully set forth herein.

86. The Class Period for this cause of action is from three years prior to the filing of the original complaint until the final disposition of this case.

87. At all times relevant to the within Complaint, Defendant was an employer within the meaning of the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. §333.103(f).

88. By failing to compensate Plaintiffs and PA Class members at the applicable minimum wage for all hours worked in each workweek, and by failing to pay the full overtime premium when Plaintiffs and PA Class members worked for more than 40 hours in a workweek, Defendant has violated the PMWA, 43 P.S. §333.104(a), so that Plaintiffs and Class Members are entitled to recover damages for all unpaid overtime premiums for all hours worked over 40 in each workweek, damages for all hours worked without receiving minimum wage; reasonable attorneys' fees and court costs. 43 P.S. §333.113.

## Count II – Pennsylvania Wage Payment and Collection Law

89.  All previous paragraphs are incorporated as though fully set forth herein.

90.  The Class Period for this cause of action is from three years prior to the filing of the original complaint until the final disposition of this case.

91.  The PWPCL defines wages as "includ[ing] all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation. 43 P.S. §260.2a.

92.  The PWPCL authorizes Plaintiffs to bring an action for violation of the Law on their own behalf, as well as on behalf of other similarly situated employees. 43 P.S. §260.9a(b). Plaintiffs bring this action on behalf of other similarly situated employees ("represented employees") pursuant to this statute.

93.  Defendant failed to pay Plaintiffs and PA Class Members as promised. Specifically Defendant promised to pay workers for their first weeks of work at the end of their employment, but has failed to pay them the wages due for their first two weeks of work as promised.

94.  Defendant has also failed to pay Plaintiffs and PA Class Members and represented employees for their last week of work performed for Defendant.

95.  Defendant has also failed to pay Plaintiffs and PA Class Members the required the minimum wage and overtime premiums required by the FLSA and PMWA. 43 P.S. 333.104(a.1) and (c).

96.  Defendant from time to time reduced the hourly pay rate applied to calculate the earnings of Plaintiffs and the WPCL/PMWA Class without prior notice as

required by the WPCL.

97. Defendant is liable to Plaintiffs and WPCL/PMWA Class members not only for the remaining unpaid wages, but also for the difference between the pay earned by Class Members prior to notice of hourly pay reduction and what they were paid after the hourly rate was reduced by Defendant without notice.

98. Based upon the lack of a good faith dispute as to the Plaintiffs' right to their unpaid wages and overtime premiums, Defendant is liable for liquidated damages and statutory penalties pursuant to 43 P.S. §260.10.

99. As a result of its violation of its obligation to make payments to Plaintiffs and Class members, Defendant is also liable for Plaintiffs' reasonable attorneys' fees and costs incurred in the collection of their unpaid wages. 43 P.S. §260.9a(f).

### Count IV – Unjust Enrichment

100. Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

101. The Class Period for this cause of action is from four years prior to the filing of the Amended Complaint in the within action to the final disposition of this case.

102. By the acts alleged herein, Defendant has received benefits from Plaintiffs and the class, under circumstances that make it unjust that Defendants retain those benefits.

103. Specifically, Defendant has failed to provide to Plaintiffs and Class Members promised wages and/or wages that comply with the statutory requirements of the

FLSA, the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act.

104. Defendant has retained benefits resulting from its refusal to pay its legal obligations as employer.

105. The Defendant created and implemented policies which were designed or intended (or both) to inaccurately measure the total hours worked by Plaintiffs and Class Members, thereby resulting in Plaintiffs and PA Class Members being deprived of pay for the total hours these individuals worked.

106. Defendant has received and retained benefits from the Plaintiffs and PA Class Members that resulted from the improper actions outlined above. It has unfairly benefitted from denying the workers the promised and/or legal rate of pay for their work.

107. As a consequence, Plaintiffs and PA Class members are entitled to compensation and/or the quantum meruit value of their services as employees.

108. A jury trial is demanded.

**Prayer for Relief**

WHEREFORE, Plaintiffs seek the following relief:

A. Compensatory and back pay damages to the fullest extent permitted under federal and state law;

B. Liquidated damages and statutory monetary penalties to the fullest extent permitted under federal and state law;

C. Litigation costs, expenses, and attorneys' fees;

D. That, at the earliest possible time, Plaintiffs may be allowed to give notice of

this collective action, or that the Court issue such notice, to all similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the Court's issuance of court supervised notice; such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

E. That the WPCL/PMWA Class be certified and that notices provided to Class Members pursuant to the Pennsylvania Rules of Civil Procedure;

F. A declaratory judgment that the Defendant's business practices alleged herein violate the Fair Labor Standards Act and attendant regulations;

G. A declaratory judgment that the Defendant's business practices alleged herein violate the Pennsylvania Wage Payment and Collection Law and attendant regulations;

H. A declaratory judgment that the Defendant's business practices alleged herein violate the Pennsylvania Minimum Wage Act and attendant regulations;

I. Judgment for damages for all unpaid minimum wage and overtime premiums; and

J. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Evalynn Welling, Esq.
Evalynn Welling, Esq.
PA ID No. 31993

Megan Walker, Esq.
PA ID No. 316764

Community Justice Project
429 Forbes Avenue Ste. 800
Pittsburgh, PA 15219
ewelling@cjplaw.org
mwalker@cjplaw.org
(412) 434-6002
412) 434-5706 (fax)

/s/ Richard Matesic, Esq.
Richard S. Matesic, Esq.
PA ID No. 72211

1007 Mount Royal Boulevard
Pittsburgh PA 15223
rs.matesic@verizon.net
(412) 492-8975
(412) 492-8978 (fax)