IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL ROJAS and BRANDELI ROJAS on behalf of themselves and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 15-10 United States Magistrate Judge Cynthia Reed Eddy |
| Plaintiffs, | | |
| v. | | |
| ONE STOP PERSONNEL SERVICES, LLP, | | |
| Defendant. | | |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff's "Motion for Sanctions and Rule to Show Cause Why Sanctions Should Not Be Imposed Against Defendant and Defense Counsel" (hereafter "motion for sanctions"), which was filed on October 3, 2015. [ECF No. 48]. Plaintiff did not contact Chambers before filing this motion for sanctions despite being advised by the Court at a motion hearing on July 29, 2015 that if any future disputes occur, the parties are to jointly contact Chambers prior to filing a motion to compel or motion for sanctions. On October 16, 2015, Defendant filed a response to the motion [ECF No. 50]. Plaintiff filed a reply on November 2, 2015. [ECF No. 62]. Defendant chose not to file a sur-reply. The Court has carefully reviewed the motion, briefs, and exhibits attached thereto, as well as relevant case law. The motion for sanctions will be granted in part and denied in part.

On October 23, 2015, the Court scheduled a hearing on Plaintiff's motion for sanctions to be held on November 10, 2015 at 1:30 p.m. and requested that Counsel meet and confer in an effort to stipulate to a limited number of witnesses and exhibits in the interest of expediency. [ECF No. 54]. On October 26, 2016, Plaintiffs' counsel filed an "Emergency Motion for

Telephonic Status Conference." [ECF No. 56]. In this Emergency Motion, Plaintiff's counsel represented that his co-counsel, Evalynn Welling, has made prepaid travel arrangements to and from Minneapolis, Minnesota, between the dates of November 7, 2015 and November 10, 2015, and for this reason would be unavailable to attend a hearing on November 10, 2015. Counsel thereafter requested an alternative date for the hearing on the Motion for Sanctions. Counsel was notified by the Court's deputy clerk that a hearing could be conducted on November 19 or 20, 2015; however, counsel have been unable to reach an agreement on a date for the hearing. The Court held a Telephone Status Conference on October 30, 2015 in connection with Plaintiff's Emergency Motion. The Court cancelled the Sanctions Hearing set for November 10, 2015, and informed the parties that it will rule on the pending motion based on the parties' written submissions. Neither party objected.

Turning to the pending motion, Plaintiffs complain that Defendant provided them with incomplete and false interrogatory responses regarding previous investigations conducted by the Department of Labor during the relevant time period. Defendant and its counsel do not dispute that the responses were inaccurate; however, they deny bad faith and instead assert that the errors were merely due to a mistaken recollection of dates. The Court will grant Plaintiff's motion for sanctions in some very limited form, namely, a fair and reasonable amount of attorneys fees associated with the preparation of the motion to for sanctions. Regardless of whether these responses to the interrogatories were made in bad faith or were rather the product of an inadvertent oversight, they were unreasonable and unacceptable given that both Defendant and its counsel were involved in the DOL investigations. *See* Fed. R. Civ. P. 26(g). As a result, Plaintiffs shall be entitled to a fair and reasonable amount of attorney's fees associated with the preparation of the motion for sanctions. However, because Plaintiffs failed to follow the Court's

instructions by not contacting Chambers prior to filing the motion for sanctions, thereby potentially driving up the amount of attorney's fees to be sought, Defendant will be given the opportunity to respond to the requested amount.

With respect to all of the other relief sought in the motion for sanctions delineated in Plaintiffs' proposed order [ECF No. 48-11], the Court finds that said requests are out of proportion to the facts and circumstances herein. The Court finds that Plaintiffs have failed to establish that they suffered any real prejudice from Defendant's inadequate responses (despite their additional effort required to discover the existence of the DOL investigations). Consequently, the additional extraordinary relief requested by Plaintiffs – including disqualification and disbarment of counsel and his firm, judgment as a matter of a law as to several issues, and a stay of all discovery deadlines – is unwarranted. Monetary sanctions for attorney's fees are an adequate remedy under the circumstances.

The Court reiterates here what it recently advised the parties at the October 30, 2015 Telephone Status Conference: that this motion for sanctions should not further impact the timeline of this case, that discovery will not be stayed pending any further discovery disputes, and that the parties should focus of having a meaningful mediation on December 9, 2015. Should another dispute occur, the parties shall first meet and confer, and if the issue is still unresolved, then contact Chambers to arrange a conference call. If a party files a motion to compel or motion for sanctions without adhering to that procedure, it will be stricken.

AND NOW, to wit, this 9th day of November, 2015, IT IS HEREBY ORDERED that Plaintiffs' "Motion for Sanctions and Rule to Show Cause Why Sanctions Should Not Be Imposed Against Defendant and Defense Counsel" [ECF No. 48] be and the same is hereby

GRANTED to the extent that Plaintiffs are entitled to fair and reasonable attorney's fees associated with filing the pending motion, but all other relief sought is DENIED.

IT IS FURTHER ORDERED THAT Plaintiffs' counsel shall file a Motion for Reasonable Attorney's Fees, with Affidavit(s) in Support of their Motion on or before <u>November 18, 2015</u>. Defendant shall file a response on or before <u>November 25, 2015</u>.

<u>/s/ Cynthia Reed Eddy</u><br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

cc: all ECF registered counsel