**The United States District Court for the Western District of Pennsylvania**

| | |
|---|---|
| **Daniel Rojas and Brandeli Rojas, on behalf of themselves and on behalf of all others similarly situated,** | **2:15-cv-00010-CRE** |
| | **Hon. Cynthia R. Eddy, USMJ** |
| **Plaintiffs,** | **Class Action** |
| **v.** | **Jury Trial Demanded** |
| **One Stop Personnel Services, LLP,** | |
| **Defendant.** | |

**Motion Nunc Pro Tunc to Extend Plaintiffs' Deadline for Filing Motion and Affidavits in Support of Award of Reasonable Attorney Fees.**

1.   Ten days ago, on November 9, 2015, this Court issued its Memorandum Order (Doc. 67; hereafter, "Memorandum Order") which granted, in part, Plaintiffs' Motion[1] for Rule to Show Cause Why Sanctions Should Not Be Imposed Against Defendant and Defense Counsel (Doc. 48).

2.   The Memorandum Order set November 18, 2015 as the deadline for Plaintiffs to file their motion for attorney fees along with affidavits in support. (Doc. 67 at 4).

3.   Plaintiffs present the within motion to extend the deadline for the filing of their motion for attorney fees and affidavits in support by an additional thirty-five (35) days, until December 23, 2015, and further request that the Court forgive, on the basis of excusable neglect, the one-day-late filing of the within motion. Essentially, Plaintiffs assert that the November 18th deadline, in conjunction with counsel's calendars, left Plaintiffs with only

---

[1]Plaintiffs titled their pleading as a motion for rule to show cause, while the Court's Memorandum Order identifies Plaintiffs' pleading as a "Motion for Sanctions". See, Doc. 67 at 1.

four working days[2]–and thus, insufficient time–in which to prepare and file their motion and affidavits in support of an award of reasonable attorney fees.

4.    On November 18, 2015, the parties engaged in a meet and confer to discuss Plaintiffs' proposal to extend the deadlines for the filing of Plaintiffs' motion and affidavits in support of an award of attorney fees, and Defendant's response thereto. By email dated November 18, 2015, Defense counsel stated Defendant would not consent to the extension proposed by Plaintiffs. (**Exhibit 1**). On the morning of November 19, 2015, undersigned notified chambers of these developments, at which point the Court's deputy clerk suggested that undersigned file the within motion.

5.    Although Plaintiffs' counsel received the Court's Memorandum Order on November 9, 2015, they failed to note that the Court had set an expedited schedule for the filing of Plaintiffs' motion and affidavits in support of an award of attorney fees. Instead, Plaintiffs' counsel assumed that they would have at least ten days from the date of the Court's Memorandum Order to either file their motion and affidavits, or seek an extension of time regarding same.

6.    Under that misapprehension, Plaintiffs' counsel requested a meet and confer with Defense counsel to discuss the possibility of moving for an extension of the deadlines related to the attorneys fees motion. Plaintiffs' counsel contemplated they would need additional time to both prepare a motion and obtain affidavits in support of their lodestar request from fellow members of the bar. As of the date of the Memorandum Order,

---

[2]Included within the nine day period commencing Tuesday, November 10, 2015 through Wednesday, November 18, 2015 were one holiday (Veterans' Day, November 11, 2015) and two weekend days (November 14-15, 2015).

Plaintiffs' counsel were immediately burdened with extensive work responsibilities on behalf of their other clients. Richard Matesic, plaintiff's counsel in *Devine v. Pittsburgh Board of Public Education*, 2:13-cv-00220-TFM (WDPA), currently scheduled for jury selection on December 1, 2015, was inundated with pre-trial work in that case, while Evalynn Welling and Megan Lovett were then laboring under a November 18th deadline for the preparation and filing of plaintiffs' brief in opposition to motion for summary judgment in *Martinez et al. v Christian Financial Management et al.*, GD 12-018763 (Allegh. Co.).

7.   In addition, Attorney Matesic had previously purchased tuition for the two (full) days of the Pennsylvania Bar Institute's Employment Law Institute/Continuing Legal Education seminar, which took place in Pittsburgh on November 12th and 13th. (**Exhibit 2**). Attorney Lovett and Attorney Welling also attended this seminar.

8.   As a practical consequence of these commitments, and the intervening Veterans' Day holiday (November 11, 2015) and weekend (November 14-15), undersigned had essentially four working days to meet the November 18th deadline.

9.   With these concerns in mind, undersigned counsel wrote to Defense counsel on November 16, 2015 to request a meet and confer on or before November 19, 2015. (**Exhibit 1** at 3). That is, undersigned requested a meet and confer to occur on or before what Plaintiffs' counsel admittedly mistook to be the earliest deadline for the filing of Plaintiffs' motion and supporting affidavits for an award of attorney fees.

10.  The parties' respective counsel participated in a telephonic meet and confer on the afternoon of November 18, 2015. At that time, undersigned counsel explained the time constraints he and his co-counsel were facing, and noted as well the possibility that the

3

upcoming mediation on December 9, 2015 might moot the need for any further action by the Court on Plaintiffs' request for an attorney fee award related to the Rule to Show Cause Motion. Undersigned further explained that he expected to be at trial in the *Devine* case through December 15, 2015, and to that end suggested that Plaintiffs be given until December 24, 2015 to file their motion and affidavits in support of an attorney fee award, to be followed by Defendant's response on or before January 6, 2016. Defense counsel indicated that they had no particular objection to this proposed timetable, but would need to clear the proposal with their client before giving their consent to extend these deadlines.

11.     At no time during the meet and confer did any of the attorneys participating note that the actual deadline provided in the Court's Memorandum Order was November 18, 2015.

12.     Shortly after the conclusion of the meet and confer, Defense counsel wrote to undersigned, and stated as follows:

> I had a chance to confer with my client, and at this time we cannot agree to a joint motion to extend the deadline. Nor can we consent to an extension of the deadline.

**Exhibit 1** at 1.

13.     For the reasons discussed herein, Plaintiffs request that the Court extend the deadline for the filing of their motion and affidavits in support of an attorney fee award. The tasks involved are not simple. Plaintiffs must provide a detailed recitation of the hours they expended in presenting their motion for rule to show cause, as well as proof that the hours they expended were both reasonable and necessary.

14. Fed. R. Civ. P. 54 recognizes that a prevailing party typically requires fourteen days to prepare and present a petition for an award of attorney fees and costs that would meet these standards.

15. As previously mentioned, the parties are due to mediate this case on December 9, 2015, which could possibly moot the need for the Court to adjudicate the Plaintiffs' request for fees.

16. Defendant will not be prejudiced by the extension requested herein. Given the timetable set by the Memorandum Order, it is far from clear that the Court would have adjudicated before December 9th a motion for attorney fees filed on November 18th, and responded to by Defendant on or before November 25th.

17. Finally, and for the reasons stated herein, Plaintiffs request that the Court exercise its discretion to excuse Plaintiffs' counsel's misapprehension that they would have at least ten days in which to file their motion and affidavits in support of an award of attorney fees. See, *Crue v. Aiken*, 370 F.3d 668, 680-81 (7th Cir. 2004)(district court did not commit abuse of discretion by permitting prevailing party to file Rule 54 petition for attorney fees one day late; attorney's miscalculation of 30-day period cannot be said to have been in bad faith).

WHEREFORE, Plaintiffs respectfully request that the Court extend the deadline for the filing of Plaintiffs' Motion for Reasonable Attorney Fees and Affidavits in Support to December 23, 2015, and reset the deadline for Defendant's response to January 6, 2016.

Respectfully submitted,


/s/ Richard Matesic, Esq.             Evalynn Welling, Esq.
PA ID No. 72211                  PA ID No. 31993
1007 Mount Royal Boulevard
Pittsburgh PA 15223              Megan Lovett
rs.matesic@verizon.net           PA ID No. 316259
(412) 492-8975
(412) 492-8978 (fax)            Community Justice Project, Ste 800
                                   429 Forbes Avenue
                                   Pittsburgh, PA 15219
                                   ewelling@cjplaw.org
                                   mlovett@cjplaw.org
                                   (412) 434-6002
                                   (412) 434-5706 (fax)